```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

REGINALD PAUL HOOKS,            )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-16-414-JHP-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

**REPORT AND RECOMMENDATION**

Plaintiff Reginald Paul Hooks ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's applications for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 53 years old at the time of the ALJ's decision. Claimant completed his high school education and two years of college classes.  Claimant has worked in the past as an automobile salesman and alarm service sales agent.  Claimant alleges an inability to work beginning January 2, 2012 which was later amended to April 4, 2008 due to limitations caused by shoulder, neck, and back pain.

**Procedural History**

On June 27, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 2, 2015, a hearing was held before Administrative Law Judge ("ALJ") Sarah Cyrus in Paris, Texas. By decision dated May 28, 2015, the ALJ found that Claimant was not disabled during the relevant period and denied Claimant's request for benefits. On August 2, 2016, the Appeals Council denied review of the ALJ's decision. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate a physician's opinion regarding Claimant's inability to handle with his right hand; and (2) failing to perform a proper credibility determination.

4

**Consideration of the Medical Opinion Evidence**

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, diabetes mellitus, osteoarthritis, and obesity. (Tr. 24). She concluded Claimant retained the RFC to perform light work in that he could lift/carry 20 pounds occasionally and ten pounds frequently; stand/walk for six hours in an eight hour workday; and sit for six hours in an eight hour workday. Claimant was found to be able to occasionally climb ramps, stairs, ladders, ropes, or scaffolds and occasionally stoop. Claimant was able to frequently balance, kneel, crouch, and crawl. He was able to reach in all directions, including overhead, occasionally with the right arm, and he as able to perform bilateral handling and fingering frequently. Claimant was further limited to no work involving vibration, or rapid and repetitive movements of the head or neck in any direction. (Tr. 25). Based upon this RFC and after consultation with a vocational expert, the ALJ found at step four that Claimant could perform his past relevant work as an automotive sales person and sales agent, alarm services. (Tr. 28). As a result, the ALJ determined Claimant had not been under a disability from January 2, 2012 through September 30, 2014, the date last insured. (Tr. 29).

Claimant contends the ALJ failed to properly consider the opinion of the consulting examining physician, Dr. Terry L.

Kilgore. Dr. Kilgore examined Claimant on November 5, 2013. He noted Claimant underwent a cervical fusion at C3 and C4. He had decreased range of motion of the cervical spine. He had tenderness but no severe spasms cervically at that time. Claimant told Dr. Kilgore that he had a torn rotator cuff in the right shoulder and had an arthroscopic repair. He had decreased range of motion restricted by pain at that time but he was able to dress and undress himself but stated that his shoulder was giving him more trouble than normal the morning of the exam. As a result, he did not want to try to move it very much. Claimant had a sprained right wrist by history but on examination it appeared near normal.

　　Claimant was able to use his fingers with fine motor control, proximate the distal tips and had full range of motion of both hands. Claimant experienced a mild to moderate limp with the right leg without a cane, crutch, or wheelchair. His gait was slightly slow. (Tr. 433).

　　Claimant demonstrated some limitation in the range of motion in his wrists. Dr. Kilgore concluded that Claimant could effectively oppose the thumb to the fingertips, could manipulate small objects, and could effectively grasp tools such as a hammer "with his left hand." (Tr. 434). Dr. Kilgore had also noted reduced hand strength in the right hand (4/5), diminished right upper extremity reflexes, and decreased range of motion in the

right shoulder. (Tr. 432).

The ALJ recognized Dr. Kilgore's findings in her decision. (Tr. 26-27). Curiously, she also stated that Dr. Kilgore "failed to provide an opinion" while noting full range of motion in the hands and wrists and other positive findings. (Tr. 28).

Clearly, Dr. Kilgore provided an opinion, *inter alia*, in stating Claimant could not grasp with his right hand. The ALJ must evaluate every medical opinion in the record. <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). More importantly, the two jobs which represented Claimant's past relevant work require frequent or occasional handling. *Dictionary of Occupational Titles*, #273.353-010, #251.357-010. The ALJ did not make alternative step five findings and, as such, only the past relevant work can be examined. On remand, the ALJ shall consider the limitation in Claimant's ability to grasp with his right hand as it impacts his ability to handle for his past relevant work. She should also consider whether the requirements of Claimant's past relevant work exceeds his RFC as asserted by Claimant at

7

footnote 7 of his opening brief.

### Credibility Determination

Claimant also contends the ALJ failed to properly analyze his claims of pain and limitation. Claimant testified that he had numbness and paralyzing on the right side. He was not able to walk in the mornings or hold things in his hand or write. His shoulder limited his ability to lift. (Tr. 42). He experiencing pain in his right hand such that he had trouble picking up things. (Tr. 43). He noted problems with writing, grasping, gripping, handling, fingering things on a daily basis. He is right handed and has these problems with his right hand, including numbness. (Tr. 44). Claimant also experiences problems with his shoulder and back with pain into his leg due to the fusion. (Tr. 45). He testified he had problems walking and standing for 30 minutes. (Tr. 47). He also stated he could lift three to four pounds. (Tr. 48). He also stated he could sit for ten minutes at a time. (Tr. 50).

Claimant stated he was limited in driving - no more than 50 miles. (Tr. 51). He testified that he volunteered that community center two days per week. (Tr. 53). He experiences problems dressing with his hand problems. (Tr. 53-54, 59, 61).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not

just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ discounted Claimant's credibility, citing Dr. Pardue's, Dr. Odar's, and Dr. Kilgore's findings. (Tr. 28). The ALJ appears to have, in part, discredited Claimant's testimony based upon the fact that he did not have difficulty dressing when the reduction in the use of his right hand likely affects his

ability to dress himself.  Since the ALJ must re-evaluate Dr. Kilgore's findings in this regard, the ALJ shall also consider the effect of including any restriction in Claimant's hand use upon his credibility.  Additionally, given the postural limitations also found by Dr. Kilgore, including positive straight leg raising (Tr. 437), the ALJ should re-evaluate Claimant's credibility on the issue of the duration of his ability to sit and stand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case should be **REMANDED** for further proceedings.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE